IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2205-FL

| | |
|---|---|
| RODNEY FLYNN MCNEIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ENNIS OATS AND ATTORNEY GENERAL OF NORTH CAROLINA, | ) |
| | ) |
| Respondents, | ) |

This matter is before the court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 14) of respondent Superintendent Ennis Oats ("respondent"), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

Petitioner is serving three consecutive ten (10) year terms of imprisonment for North Carolina State larceny and breaking and entering convictions. On March 2, 2007, the North Carolina Parole Commission (the "Commission") granted petitioner community service parole. Pet. p. 1.

While on parole, petitioner was arrested on new North Carolina State felony charges. On April 16, 2009, petitioner was convicted in the Vance County Superior Court of conspiracy to commit second-degree burglary and/or felonious larceny. State v. McNeill, 205 N.C. App. 469, 698 S.E.2d 202 (2010), denying disc. review, 365 N.C. 75, 705 S.E.2d 750 (2011). The trial court also determined that petitioner attained the status of habitual felon. Id.

On April 27, 2009, the Commission issued a warrant for petitioner's arrest for violating the terms of his parole. Pet. Attach. p. 1. At petitioner's parole revocation hearing, he admitted to two parole violations-having new felony convictions and failing to pay restitution. Id. Attach. p. 6. Petitioner also waived his right to a parole revocation hearing. Id. On May 13, 2009, the Commission found probable cause to revoke petitioner's parole, and his parole was revoked on May 21, 2009. Id. Exs. 1, 6.

On July 20, 2010, the North Carolina Court of Appeals vacated petitioner's new state felony convictions. See McNeill, 698 S.E.2d 202 at *6. On April 15, 2011, the Commission reviewed petitioner for parole, and parole was denied for the following reasons: (1) there was a substantial risk that he would not conform to reasonable conditions of parole; (2) release would unduly depreciate the seriousness of the crime or disrespect for the law; and (3) there was a substantial risk that he would engage in further criminal conduct. Resp't's Mem. Ex. 1. In making this determination, the Commission informed petitioner that it had "reviewed and evaluated all available information surrounding [his] case" and that it carefully examined "all the facts and circumstances" of his case. Id. The Commission scheduled a parole review for petitioner on April 1, 2012. Id. Petitioner again was reviewed for parole on April 2, 2012, and parole was denied. Resp't's Mem. Ex. 2. A subsequent parole hearing was scheduled for April 1, 2013. Id.

On May 19, 2011, petitioner filed a *pro se* petition for a writ of habeas corpus in the Vance County Superior Court, which was summarily denied on June 19, 2011. Pet. p. 6. On September 6, 2011, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Id. Certiorari was denied on September 26, 2011. Id.

On October 12, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254, in the United States District Court for the Middle District of North Carolina. Petitioner alleges that the Commission failed to re-instate his parole after the convictions used to revoke his parole were reversed and that he is being held in custody in violation of the Due Process Clause of Fourteenth Amendment to the United States Constitution. The action subsequently was transferred to this court.

On April 12, 2012, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. The matter was fully briefed. The court subsequently directed the parties to provide supplemental briefing to address the following issue: The Commission's ability to revoke plaintiff's parole based solely upon his alleged failure to pay restitution/supervision fees in light of the United States Supreme Court's ruling in Bearden v. Georgia, 461 U.S. 660 (1983). The issue was fully briefed.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Although petitioner divides his action into two separate claims, both claims argue the same issue--that the Commission's failure to re-instate his parole following the vacation of his new state felony convictions violates the Due Process Clause.[1] In support of this argument, petitioner claims that once his state felony convictions were vacated, his parole violation for failure to pay restitution, standing alone, was insufficient to support his parole revocation pursuant to the United States Supreme Court's ruling in Bearden v. Georgia, 461 U.S. 660 (1983).[2]

Due process protections apply to parole revocation proceedings. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Parole revocation proceedings, however, do not afford parolees the same rights afforded criminal defendants at criminal trials. Id. p. 489; State v. Sparks, 362 N.C. 181, 189, 657 S.E.2d 655, 660 (N.C. 2008) ("[W]e conclude that a post-release revocation hearing is not a criminal prosecution.") Rather, the Commission may revoke parole if it finds that the parolee violated the conditions of his parole. See N.C. Gen. Stat. § 15A-1371; N.C. Gen. Stat. § 15A-1373(d) (providing "[i]f the parolee violates a condition at any time prior to the expiration or termination of the period, the [Parole] Commission . . . may revoke the parole as provided in G.S.

---

[1] Petitioner also alleges that the Commission's parole revocation violated his rights pursuant to the double jeopardy clause. Petitioner, however, failed to provide any factual support for this claim. Moreover, parole revocation is not an "essentially criminal" proceeding, and is not protected by the double jeopardy clause. Breed v. Jones, 421 U.S. 519, 528-29 (1975) (citing Helvering v. Mitchell, 303 U.S. 391, 398-99 (1938)); Brown-El v. Virginia Parole Bd., 948 F. Supp. 558, 562 (E.D. Va. Nov. 26, 1996). Thus, even if petitioner stated a claim pursuant to the double jeopardy clause, it would be meritless.

[2] In Bearden, the Supreme Court held that a court could not incarcerate a probationer for failing to pay a fine where the court failed to inquire into the reasons for the failure to pay. Id. at p. 672-674. For the reasons discussed infra, the Bearden issue is not applicable to this case.

4

15A-1376 and reimprison the parolee[.]") In making its determination, the Commission may consider evidence of offenses in which the charges were uncharged, dismissed, or otherwise not adjudicated. See Villarreal v. United States Parole Comm'n, 985 F.2d 835, 839 (5th Cir. 1993); Whitehead v. United States Parole Comm'n, 755 F.2d 1536, 1537 (11th Cir. 1985) (per curiam) ("[E]ven if there had been an acquittal on the criminal charge, the conduct can be the basis of the parole revocation. . . . [T]he Commission need only determine that a preponderance of the evidence supports the parole violation . . . ."); Mullen v. United States Parole Comm'n, 756 F.2d 74, 75 (8th Cir. 1985) (holding dismissal of criminal charges for "lack of prosecutorial merit" did not bar independent fact-finding by the Commission); Page v. Pearson, 261 F. Supp. 2d 528, 530 (E.D. Va. May 15, 2003) ("A jury's decision to acquit a defendant because the state failed to prove a charged offense beyond a reasonable doubt is not binding on the USPC, which bases its parole decisions on the lesser preponderance of the evidence standard."), appeal dismissed, 74 F. App'x 275 (4th Cir. Sept. 10, 2003).

Here, petitioner's parole originally was revoked while petitioner's criminal convictions were valid, and petitioner has not alleged any due process violation with respect to his original parole revocation proceedings. Indeed, the record reflects that petitioner admitted the parole violations and waived a hearing in the original parole proceedings. See Pet. Attach. p. 6. Thus, the court finds no due process violation during petitioner's original revocation proceedings.

On April 15, 2011, after petitioner's state felony convictions were vacated, the Commission reviewed petitioner's parole and denied his request for parole. The Commission based its decision to deny parole on reasons other than petitioner's alleged failure to pay his restitution/supervision fees. Accordingly, the Commission's April 15, 2011, parole determination was not based solely

5

upon his failure to pay his restitution or supervision fees. Given that petitioner has no constitutional due process right to parole, Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), that the Commission may properly consider vacated criminal convictions in revoking parole, and that the Commission's decision to deny parole was based upon valid criteria, there is nothing about the Commission's parole revocation decision that is arbitrary or capricious or otherwise violates due process. See N.C. Gen. Stat. § 15A-1371(d); N.C. Gen. Stat. § 15A-1373(d). Indeed, the court finds that the Commission did not violate petitioner's due process rights under Morrissey, and revocation is supported by a preponderance of the evidence.

B.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

6

would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 14) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2013.

*Louise W. Flanagan*
———————————————
LOUISE W. FLANAGAN
United States District Judge